978 F.2d 1253
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
Roosevelt DURAN, Defendant, Appellant.
 No. 91-1822.
 United States Court of Appeals,
First Circuit.
 November 6, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Ronald Ian Segal for appellant.
 Brien T. O'Connor, Assistant United States Attorney, with whom A. John Pappalardo, United States Attorney, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Coffin, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 This appeal is from a conviction for conspiracy to possess cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 846, and for the substantive crime of possession with the same intent, 21 U.S.C. § 841(a)(1).
 
 
 2
 The sole issue raised on appeal is whether the district court erred in admitting statements of defendant-appellant's wife and an unidentified friend as statements made by co-conspirators during the course of and in furtherance of the conspiracy.
 
 
 3
 The critical fact is that appellant made no objection to the court's ruling, under United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977), that there was a conspiracy, that the statements were made by co-conspirators while they were members and that, since the statements involved efforts to collect money owing from the drug transaction that was the object of the conspiracy, they were made in furtherance of the conspiracy.
 
 
 4
 There is no basis for finding plain error. Defendant's wife's reported threats to hold children as hostage for payment clearly were in furtherance of the conspiracy's objectives, and her prior involvement in the conspiracy was sufficiently proven. The admission of statements from a self-described but unidentified "friend" of defendant was originally challenged below for lack of identification, but this objection was not pursued on appeal. In any event, however, even if this issue were reached and admission found improper, see Fed. R. Evid. 901(b)(5), the error would have been harmless. Nothing said by the purported friend-a vague reference to his and defendant's need for money-could have added any perceptible weight to the abundance of other evidence in the record.
 
 
 5
 Affirmed.